UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 7 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

- against –

NADEEN GAYLE,

Defendant.

09-CR-358

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the

particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall

indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C.

§ 3553(c)(2). These "reasons must also be stated with specificity in the written order of

judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been

excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005),

the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United*

*States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))

(internal quotations and alterations omitted).

1

On June 10, 2009, Nadeen Gayle plead guilty to a single-count information, which charged that between July 26, 2005 and February 26, 2008 defendant, together with others, conspired to commit wire fraud, in violation of 18 U.S.C. § 1343. Specifically, it charged that defendant, on June 21, 2006 and August 21, 2006, forged the signature of a seller on a HUD-1 Settlement Statement, which was subsequently faxed to a lender for the purpose of obtaining a mortgage, in violation of 18 U.S.C. § 371.

Gayle was sentenced on May 14, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 37 and 46 months. The offense carried a maximum term of imprisonment of 5 years. 18 U.S.C. § 371. The guidelines range of fine was from $10,000 to $100,000.

Gayle was sentenced to five years' probation. A $100 special assessment was imposed. Restitution was ordered in the amount of $845,000 owed to defendant's victims, payable at the rate of $100 per month. Should defendant's financial condition improve substantially, Probation shall apply to the court for a modification of the periodic restitution payments. Restitution payments are to be distributed to defendant's victims, Saxon Mortgage, Argent Mortgage Co., First Franklin, and Option One Mortgage, in proportion to their share of the total amount of restitution, as indicated in paragraph 12 of the Presentence Investigation Report. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any

in the future to pay a fine, in light of her probable disbarment, her likely difficulty finding future employment, and the amount of restitution owed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense of mortgage fraud is a serious one. Defendant has a remarkable history of community service. She has worked a number of jobs simultaneously. Her family relationships are strong, and she has been a model to many people. Had she had a proper start to her career, she probably would have been an excellent attorney who could have helped many people. She is the primary source of support, both financial and psychological, for her young child. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in mortgage fraud will result in substantial penalties. Specific deterrence is achieved through the likely loss of defendant's license to practice law, and the impact of this conviction on her employability. It is unlikely that she will engage in further

criminal activity in light of her history of community service, her strong family ties, and the need to care and provide for her young son.

Jack B. Weinstein
Senior United States District Judge

Dated: May 18, 2010
Brooklyn, New York

4